UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIBEL GONZALEZ, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VOLT MANAGEMENT CORP., *et al.*,<br><br>Defendants. | Case No. 1:24-cv-01348-KES-CDB<br><br>ORDER DENYING WITHOUT PREJUDICE PARTIES' SECOND STIPULATED REQUEST TO CONTINUE CLASS CERTIFICATION BRIEFING SCHEDULE AND DISCOVERY RELATED DATES AND DEADLINES<br><br>(Doc. 24) |

Plaintiff Maribel Gonzalez ("Plaintiff") initiated this putative class action with the filing of a complaint on September 26, 2024, in Kern County Superior Court, Case No. BCV-24-103281. (Doc. 1). Defendants Volt Management Corp. ("Volt") and IKEA Distribution Services, Inc. ("IKEA") (collectively, "Defendants") removed the case to this Court on November 4, 2024. *Id.* Following a scheduling conference on March 25, 2025, the Court entered the class certification scheduling order setting forth class certification discovery and motion deadlines. (Doc. 21).

On June 20, 2025, the Court granted the parties' first stipulated request to continue the class certification briefing schedule and discovery-related dates and deadlines. (Doc. 23). In that order, the parties were admonished that "**[i]n light of the significant extensions of time granted herein, … it is unlikely to grant further extensions of time, including to accommodate possible mediation or settlement discussions (which the Court expects to be undertaken in parallel with the extended case management) absent extraordinary circumstances**." *Id.* at 2 (emphasis

1

1  in original).

2  Pending before the Court is the parties' second joint stipulated request to continue the class certification briefing schedule and discovery-related dates and deadlines of the scheduling order. (Doc. 24). The parties represent that they were unable to proceed with the parties' previously scheduled mediation on September 16, 2025, "due to circumstances outside the parties' control that arose during the Parties' pre-mediation telephone calls with the mediator in preparation for the mediation session," and have rescheduled the mediation for February 3, 2026, which is the earliest date available for the parties and the mediator. *Id.* at 3-4; *see* (Doc. 24-2, Declaration of Flether W. Schmidt ("Schmidt Decl.") ¶ 7). The parties seek to continue the current class certification related dates and deadlines to accommodate the pending, rescheduled mediation, which the parties represent preserves the Court's time and judicial resources to avoid potentially unnecessary law and motion practice and allows the parties to focus their efforts and resources on early resolution of this matter. *Id.* at 4. The parties seek an approximately four-month continuance to the briefing schedule, hearing date, and discovery-related dates and deadlines. *Id.* The parties represent that they have no expectation that any further continuances will be needed or requested. *Id.* The parties therefore seek to continue the current dates and deadlines as set forth in their stipulated request. *Id.* at 4-5.

In light of the Court's earlier admonition to the parties that it was disinclined to grant further extensions of case management dates absent extraordinary circumstances, the Court declines at this point to grant the parties' stipulated request. Specifically, the parties' unspecified representations that they were unable to proceed with the previously scheduled mediation "due to circumstances outside the parties' control," without further explanation, does not establish extraordinary circumstances to warrant a further extension of case management dates. The Court has no information before it concerning the operative timeline of events and whether they exercised reasonable diligence in seeking the requested extensions of deadlines when the need for such extensions became apparent. *See* Local Rule 144(d). Accordingly, the parties' second stipulated request for extensions of case management dates will be denied without prejudice.

///

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that the parties' second stipulated request to continue class certification discovery and motion dates and deadlines of the scheduling order (Doc. 24) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **October 8, 2025**                                   _____
                                                                                        UNITED STATES MAGISTRATE JUDGE

3