UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIBEL GONZALEZ, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VOLT MANAGEMENT CORP., *et al.*,<br><br>Defendants. | Case No. 1:24-cv-01348-KES-CDB<br><br>ORDER GRANTING IN PART PARTIES' RENEWED STIPULATED REQUEST TO CONTINUE CLASS CERTIFICATION BRIEFING SCHEDULE AND DISCOVERY RELATED DATES AND DEADLINES<br><br>(Doc. 28) |

**Relevant Background**

Plaintiff Maribel Gonzalez ("Plaintiff") initiated this putative class action with the filing of a complaint on September 26, 2024, in Kern County Superior Court, Case No. BCV-24-103281. (Doc. 1). Defendants Volt Management Corp. ("Volt") and IKEA Distribution Services, Inc. ("IKEA") (collectively, "Defendants") removed the case to this Court on November 4, 2024. *Id.* Following a scheduling conference on March 25, 2025, the Court entered the class certification scheduling order setting forth class certification discovery and motion deadlines. (Doc. 21).

On June 20, 2025, the Court granted the parties' first stipulated request to continue the class certification briefing schedule and discovery-related dates and deadlines. (Doc. 23). In that order, the parties were admonished that "**[i]n light of the significant extensions of time granted herein, … it is unlikely to grant further extensions of time, including to accommodate possible mediation or settlement discussions (which the Court expects to be undertaken in parallel**

1

**with the extended case management) absent extraordinary circumstances**." *Id.* at 2 (emphasis in original).

On October 8, 2025, the Court denied without prejudice the parties' second stipulated request to continue class certification briefing schedule and discovery-related dates and deadlines. (Doc. 25). As reflected in the Court's order, the parties' unspecified representations that they were unable to proceed with a previously scheduled mediation without further explanation did not establish extraordinary circumstances to warrant a further extension of case management dates. *Id.* at 2.

On November 13, 2025, the parties filed their joint mid-discovery status conference report. (Doc. 26). There, they represented that on September 18, 2025, they concluded they were unable to move forward with their private mediation and rescheduled the mediation to February 3, 2026. *Id.* at 3. They further represented that on October 15, 2025, Plaintiff propounded formal written discovery on Defendants intends to take depositions of Defendants' respective Federal Rule of Civil Procedure 30(b)(6) witnesses in early December following receipt of Defendants' formal discovery responses. (Doc. 26). Based on their report, on November 14, 2025, the Court vacated the mid-discovery status conference set for November 21, 2025, and reminded the parties of their obligation to diligently pursue and timely complete discovery within the scheduled case management dates. (Doc. 27).

**Parties' Renewed Stipulated Request to Continue Case Management Dates**

Pending before the Court is the parties' renewed stipulated request to continue the class certification briefing schedule and discovery-related dates and deadlines of the scheduling order. (Doc. 28). The parties represent that shortly before the initially scheduled mediation, a dispute arose between Defendants IKEA and Volt and that "certain internal system challenges at Volt … precluded Volt from fulfilling the totality of Plaintiff's pre-mediation data and information requests[.]" *Id.* at 4. The parties represent that while they have continued to prepare for the rescheduled mediation, formal discovery has continued with Plaintiff's propounding its requests for production of documents on Defendants on October 15, 2025, with IKEA's response due on November 14, 2025, and Volt's responses due on December 3, 2025. *Id.* The parties further

2

represent that Volt's lead counsel Shaun Voigt experienced a death in the family and will be attending a funeral on December 9, 2025, and that Volt's counsel Areen Babajanian began paternity leave on December 1, 2025, requiring the parties to reschedule the December 9, 2025, deposition of Volt's Rule 30(b)(6) witness. *Id.* at 5. The parties express needing an additional 45-60 days to complete document productions and supplemental discovery responses. *Id.* The parties therefore request that, in light of the ongoing discovery issues that Volt is working through, the need to reschedule Volt's 30(b)(6) witness deposition due to bereavement and paternity leave, and the parties' rescheduled mediation session, that the Court grant a 90-day continuance to the parties' class certification briefing schedule, hearing date, and discovery-related dates and deadlines as set forth in their stipulation. *Id.* at 5-6.

The Court admonished the parties more than five months ago in granting their earlier request for significant extensions of case management dates that they must demonstrate extraordinary circumstances to warrant further extensions of deadlines, and additionally, that they must undertake mediation or settlement discussions in parallel with reset case management dates. (Doc. 23 at 2); (Doc. 25 at 2). In other words, settlement efforts and discovery efforts were to be undertaken in tandem, not one to the exclusion of the other.

Here, the parties again fail to establish extraordinary cause to warrant the requested 90-day extension of all case management dates. It appears the parties waited until after the Court denied their second stipulated request for a further extension of case management dates before commencing discovery, starting with Plaintiff's requests for production of documents. But this occurred more than six months after discovery opened in this case (March 25, 2025) when the Court entered the class certification scheduling order and admonished the parties that the discovery deadlines were considered "firm." *See* (Doc. 21 at 4). And the parties' apparent commencement of discovery also occurred some five months after the Court advised the parties to undertake discovery and settlement efforts in tandem, where further extensions of deadlines were unlikely to be granted. *See* (Doc. 23 at 2).

Therefore, the parties, in unilaterally halting and/or delaying discovery efforts without the Court's leave until after the Court denied their request for a further extension of deadlines does not

3

reflect reasonable diligence to warrant a further extension. In particular, the parties' representation that Volt is continuing to work through mostly unidentified "ongoing discovery issues" including "internal system challenges delaying the production of documents and information requested by Plaintiff in discovery" fails to establish good cause to warrant any significant extension of case management dates because this is an emergency of the parties' own making. Thus, had the parties heeded the Court's admonitions concerning the firmness of the case management dates and conducting mediation and settlement discussions in parallel to those dates—instead of delaying discovery without leave of Court—any "internal system challenges" would have been identified sooner and lessened the need for extensions. Moreover, the description of mere "internal system challenges" without further explanation is far too generic for the Court to assess whether the need for a 45-day to 60-day extension is reasonable.

The Court finds limited good cause to warrant a brief 30-day extension of case management dates based on the representations that counsels for Volt are undergoing bereavement and paternity leave such that they are temporarily unavailable to facilitate the 30(b)(6) deposition and require additional time thereto. Accordingly, the Court will grant in part the parties' stipulated request for an extension of case management dates as set forth below.

*Remainder of This Page Intentionally Left Blank*

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that the parties' renewed stipulated request to continue class certification discovery and motion dates and deadlines of the scheduling order (Doc. 28) is GRANTED IN PART and that the scheduling order (Docs. 21, 23) is further amended as follows:

| Event | Current Deadline | Amended Deadline |
|---|---|---|
| Non-Expert Discovery Cut-Off | January 12, 2026 | February 16, 2026 |
| Expert Disclosure (Initial) | January 19, 2026 | February 24, 2026 |
| Expert Disclosure (Rebuttal) | February 3, 2026 | March 9, 2026 |
| Expert Discovery Cut-Off | March 3, 2026 | April 9, 2026 |
| Deadline to File a Motion for Class Certification | March 16, 2026 | April 16, 2026 |
| Deadline to File an Opposition to the Motion for Class Certification | March 30, 2026 | April 30 2026 |
| Deadline to File a Reply in Support of the Motion for Class Certification | April 9, 2026 | May 11, 2026 |
| Hearing Date on Motion for Class Certification | May 11, 2026, at 10:30 AM | June 10, 2026, at 10:30 AM |

IT IS SO ORDERED.

Dated:  **December 5, 2025**                                    _____
                                                                                    UNITED STATES MAGISTRATE JUDGE